UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| HAROLD MCDONALD #190625, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:05-cv-182 |
| | ) | |
| v. | ) | HON. ROBERT HOLMES BELL |
| | ) | |
| MICHIGAN PAROLE BOARD, | ) | |
| | ) | **OPINION** |
| Defendants. | ) | |
| | ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.   Factual Allegations

Plaintiff Harold McDonald, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Michigan Parole Board. Plaintiff alleges that he was improperly denied parole in violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff seeks equitable relief.

II.   Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Initially, the court notes that Plaintiff has named the Michigan Parole Board as the only defendant. Under *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), a suit against a state, a state agency, or a state official in his official capacity, is not a suit against a "person" under Section 1983. *Id.* Thus, such entities are not subject to suit under 42 U.S.C. § 1983. In addition, it is well established that the Eleventh Amendment bars suit against the State or one of

its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections). The State of Michigan has not consented to civil rights suits in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The Eleventh Amendment therefore bars Plaintiff's claims against the Michigan Parole Board.

Plaintiff claims that he was denied parole based on incorrect guidelines, that his interview was improperly done by video, and that he did not receive the proper paperwork following his parole decision in violation of his right to due process. Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole*

*Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

Plaintiff claims that the continued denial of parole constitutes cruel and unusual punishment. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991).

The Eighth Amendment, however, does not require strict proportionality between a crime and its punishment. *Harmelin*, 501 U.S. at 965; *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)).

In the instant case, the Court notes at the outset that the Eighth Amendment claim is factually baseless. The parole board did not issue a sentence. Rather, the Defendants merely declined to extend parole to Plaintiff. *See Preston v. Hughes*, No. 97-6507, 1999 WL 107970, *2 (6th Cir. Feb. 10, 1999). Moreover, assuming the decision denying parole may be considered the imposition of punishment, Plaintiff's sentence falls within the maximum allowed by statute. Therefore, Plaintiff's sentence does not run afoul of the Eighth Amendment's ban of cruel and unusual punishment. *Austin*, 213 F.3d at 302.

Finally, Plaintiff claims that the denial of parole constitutes double jeopardy because it was improperly based on Plaintiff's prior criminal record. The Double Jeopardy Clause guarantees that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). A review of Plaintiff's record in the MDOC website indicates that Plaintiff is serving indeterminate sentences and that he will have served his maximum sentence on July 23, 2019. *See MDOC Offender*

*Information for Plaintiff* at http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdoc Number=190625.) Denial of parole does not violate the Double Jeopardy Clause because it is not a second punishment for an already adjudicated offense; it is simply a denial of early release from the previously determined punishment. By denying Plaintiff release on parole, the parole board has not imposed an additional sentence nor has it increased his sentence.

Under Michigan law, a prisoner is given an indeterminate sentence. Thus, Plaintiff does not have a constitutional right to be discharged from his sentence until he serves the maximum term of fifteen years. Plaintiff has not yet served his maximum term. Moreover, the Double Jeopardy Clause applies only to judicial proceedings, not to parole proceedings. *See Alessi v. Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983); *Sand v. Bogan*, No. 93-2280, 1994 WL 112862, at *2 (6th Cir. March 31, 1994). Parole proceedings, which are conducted by prison authorities, i.e., the Michigan Parole Board, are administrative in nature. Therefore, Plaintiff's claim that the parole board's denial of release on parole violated the Double Jeopardy Clause is without merit.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses the action, the court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

       This is a dismissal as described by 28 U.S.C. § 1915(g).

       A judgment consistent with this opinion will be entered.


Date:   September 16, 2005            /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     CHIEF UNITED STATES DISTRICT JUDGE